# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JESSE ALAN WALKER,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:22cv10-MW-MAF**

**RICKY D. DIXON, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

An Order was entered on June 28, 2020, noting that service of process had been carried out on five of the six Defendants named in this case - Dixon, Gould, Brown, Inch, and Marchant - but no response to Plaintiff's second amended civil rights complaint, ECF No. 40, had yet been filed by Defendant Marchant. ECF No. 49. Because Defendant Marchant had been served with process on April 22, 2022, ECF No. 37, the Clerk entered the Defendant's default on the docket. ECF No. 50.

On June 29, 2022, a notice of appearance of counsel was filed for Defendant Marchant, as well as for Defendant Timothy Noles. ECF No. 51. Defendant Marchant also filed a motion to set aside the entry of default.

ECF No. 52.  The motion explains that the failure to timely respond after service was due to "a breakdown in the paper work process" and was not willful.  *Id.* at 2.  A supporting declaration reveals that the litigation coordinator told Defendant Marchant that the paperwork "would be provided for processing to the Department of Corrections . . . so that legal representation would be obtained on [her] behalf."  ECF No. 52-1.

    Federal Rule of Civil Procedure 55 permits a court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  While "good cause" has been deemed to be a "mutable standard, varying from situation to situation," it generally requires at least three things: a determination of "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  <u>Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted); *see also* <u>Ferrier v. Atria</u>, 728 F. App'x 958, 961 (11th Cir. 2018)

    An Order was entered on July 1st, noting that Defendant Marchant had shown good cause for setting aside the default as required by Rule 55.

ECF No. 53.  The Defendant demonstrated that the failure to respond was not willful, but an inadvertent mistake, due to no fault of the Defendant.  *Id.*  Additionally, Defendant Marchant acted promptly to correct that mistake, filing a notice of appearance, ECF No. 51, and motion to set aside the default, ECF No. 52, the day after the Clerk entered the default on the docket, ECF No. 50.  A "quick response further supports a finding of good cause."  Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018).  Furthermore, there is no apparent prejudice to Plaintiff in this delay.  Indeed, nothing had been received from Plaintiff concerning the Defendant's default.

What Defendant Marchant had not done at that point, however, was to present a potentially meritorious defense.  Instead, Defendant Marchant advised that her answer would be filed if her motion to set aside the default was granted and she was permitted to answer the complaint.  ECF No. 52 at 2.

Another Order was entered on July 1, 2022, noting that Defendant Marchant had put the cart before the horse.  "Setting aside a default requires a party to first show a meritorious defense rather than set aside a

default so a party can subsequently show a meritorious defense."[1]  ECF No. 53 (citing Wingard v. Sprigle, No. 4:20cv341-AW-MAF, 2021 WL 5179974, at *2 (N.D. Fla. Sept. 20, 2021), report and recommendation adopted, No. 4:20-CV-341-AW-MAF, 2021 WL 5178478 (N.D. Fla. Nov. 7, 2021) (permitting the defendant to file a supplement to a motion to vacate default and present a meritorious defense)).  Later that same day, an answer was filed for both Defendants Marchant and Noles.  ECF No. 54.

In general, the answer does not respond to the vast majority of Plaintiff's factual allegations.  Instead, of the twenty-seven statements of fact, Defendant denies two, admits one, and generally states: "Without knowledge and therefore, deny."  ECF No. 54 at 1-3.  Notwithstanding, Defendants raise eight defenses and argue, among other things, that Plaintiff has failed to state a claim, that Defendants did not violate Plaintiff's rights, they are entitled to qualified immunity, and Plaintiff is not entitled to any damages.  Id. at 3-4.  Because Defendant Marchant has now tendered a meritorious defense, and she has shown that the failure to timely respond

---

[1] Notably, "[a] defendant has a meritorious defense if it raises a good defense at law." United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983) (relied on in Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014)). "[W]hether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC, 303 F.R.D. at 657.

was not willful, she acted promptly to correct the error, and there is no prejudice to Plaintiff, the motion to set aside the default, ECF No. 52, should be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Marchant's motion to set aside the default, ECF No. 52, be **GRANTED,** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv10-MW-MAF